UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMEKA LOVETT,

    Plaintiff,

v.                                                  Case No: 2:16-cv-696-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION AND ORDER**

This cause comes before the Court on Plaintiff Tameka Lovett's Complaint (Doc. 1) filed on September 12, 2016. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.**    **Social Security Act Eligibility, Procedural History, the ALJ's Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve

months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505.[1]  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity that exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505 - 404.1511.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

  **B.**  **Procedural History**

  On September 10, 2014, Plaintiff filed an application for a period of disability and disability insurance benefits with an alleged onset date of August 13, 2013.  (Tr. at 182).  The onset date was later amended to July 27, 2014.  (Tr. at 40).  Plaintiff's application was denied initially on February 2, 2015 and upon reconsideration on April 29, 2015.  (Tr. at 116, 136).  A hearing was held before Administrative Law Judge ("ALJ") William G. Reamon on November 18, 2015.  (Tr. at 37-101).  The ALJ issued an unfavorable decision on January 8, 2016.  (Tr. at 15-36).  The ALJ found Plaintiff not to be under a disability from August 13, 2016 through the date of the decision.  (Tr. at 30).

  On July 8, 2016, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-4).  Plaintiff filed a Complaint (Doc. 1) in this Court on September 12, 2016.  Defendant filed an Answer (Doc. 13) on December 5, 2016.  The parties filed a memoranda in support.  (Docs. 24-25).  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 18).  This case is ripe for review.

---

[1] The Court notes that the Social Security regulations were recently revised.  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  Unless otherwise specified, the Court refers to the regulations in effect at the time of the Administrative Law Judge's decision.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

As an initial matter, the ALJ found that Plaintiff met the insured status requirements through December 31, 2019. (Tr. at 20). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 13, 2013, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "left knee degenerative disc disease (status-post ACL reconstruction), lumbosacral radiculitis, lumbar degenerative disc disease, anxiety disorder, right ulnar neuropathy, right shoulder AC joint degenerative joint disease, and an affective disorder." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart. P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. at 21).

Based on the evidence, the ALJ determined that Plaintiff had the RFC to perform "less than the full range of light work" such that:

> [Plaintiff] may lift up to twenty pounds occasionally and lift and carry up to ten pounds frequently. Claimant is able to stand and or walk for up to six hours in an eight-hour workday and sit for up to six hours in an eight-hour workday with normal breaks. Claimant may never engage in pushing or pulling or the use of foot controls with the left lower extremity. The right lower extremity has no limitations. Claimant may only occasionally climb ramps and stairs, balance, stoop, and crouch. She may never climb ladders, ropes, or scaffolds, kneel, or crawl. Claimant may never engage in overhead reaching with either extremity. She is limited to frequent gross manipulation and handling objects with her right upper extremity. She is not limited in reaching otherwise, in fingering or fine manipulation, or in feeling. Claimant must avoid concentrated exposure to fumes, odors, dusts, gases, poorly ventilated areas, and hazards such as dangerous moving machinery and unprotected heights. Psychologically, claimant retains the ability to understand, remember, and carry out simple instructions. Claimant may have only occasional interaction with the public, co-workers and supervisors.

(Tr. at 22).

At step four, the ALJ determined that Plaintiff cannot perform any past relevant work. (Tr. at 29). Specifically, the ALJ noted the vocational expert's ("VE") testimony that Plaintiff has past relevant work as a Semi Truck Driver (civilian equivalent to Army Motor Transport Operator), DOT #904.383-010, which is performed at the medium exertional level and has an SVP of 4; and as an Admin Clerk, DOT #219.3262-010, which is performed at the light exertional level and has an SVP of 4. (*Id.*).[3] The VE testified that this work exceeds Plaintiff's RFC. (*Id.*). Accordingly, the ALJ found that Plaintiff is unable to perform past relevant work. (*Id.*).

---

[3] "DOT" is an acronym for the *Dictionary of Occupational Titles*. "SVP" is an acronym for Specific Vocational Preparation.

At step five, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 29). Specifically, the ALJ asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. (Tr. at 30). The VE testified that someone with Plaintiff's age, education, work experience, and RFC would be able to perform the requirements of representative occupations, such as:

> 1. Checker I, DOT #226.687-010, which is performed at the light exertional level, is unskilled with an SVP of 2, and of which there are 14,865 jobs in the national economy;
>
> 2. Surveillance System Monitor, DOT #368.367-010, which is performed at the sedentary exertional level, is unskilled with an SVP of 2, and of which there are 14,701 jobs in the national economy; and
>
> 3. Marker, DOT #209.587-034, which is performed at the light exertional level, is unskilled with an SVP of 2, and of which there are 315,016 jobs in the national economy.

(Tr. at 30).

Pursuant to Social Security Ruling 00-4p, the ALJ determined that the VE's testimony was consistent with the information contained in the *Dictionary of Occupational Titles*. (*Id.*). Based on the VE's testimony, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (*Id.*). As a result, the ALJ determined that a finding of "not disabled" was appropriate. (*Id.*).

Accordingly, the ALJ concluded that Plaintiff was not under a disability from August 13, 2013 through the date of decision. (*Id.*).

D. **Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether

the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

Plaintiff raises several issues on appeal, which can be summarized as follows:

1. Whether the ALJ erred in assessing Plaintiff's credibility,

2. Whether the ALJ erred in evaluating the medical opinion evidence, and

3. Whether the ALJ erred in determining Plaintiff's RFC.

(*See* Doc. 24 at 22-30). The Court evaluates these issues in turn below.

### A. The ALJ's Credibility Determination

The Court first addresses Plaintiff's arguments that the ALJ erred in evaluating her credibility. In looking at the ALJ's credibility determination, the Court notes that to establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (internal citations omitted). Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

The factors an ALJ considers in evaluating a plaintiff's subjective symptoms include:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3; *see also* SSR 16-3p, 2016 WL 1119029, at *7 (factors nearly identical to SSR 96-7p); *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562.

Plaintiff takes issue with the ALJ's credibility determination in two separate sections of her briefing.

First, in one section of her briefing, Plaintiff argues that the ALJ misinterpreted her function reports; failed to consider the amendment of her alleged onset date from August 2013 to July 2014; and failed to consider that her "impairments have not remained static and have worsened over time." (Doc. 24 at 24). Other than these conclusory arguments, Plaintiff failed to point out any error actually committed by the ALJ in reviewing Plaintiff's credibility. (*See* Doc. 24 at 23-24). Plaintiff's conclusory statements, without further support, are wholly insufficient for Plaintiff to meet either her burden of persuasion or her burden of proof. *See Yuckert*, 482 U.S. at 146 n.5; *Hines-Sharp*, 511 F. App'x at 915 n.2.

Similarly, in another section of her briefing, Plaintiff argues that the ALJ erred in considering her pain. (*Id.* at 29-30). Specifically, Plaintiff argues that "[p]ain is subjective" and that Plaintiff "has consistently reported the same pain complaints for years." (Doc. 24 at 30). A review of the ALJ's decision, however, shows that while he consistently noted Plaintiff's

subjective reports of pain, the ALJ nonetheless cited substantial *objective* medical reports of record that did not support Plaintiff's reports. (*See* Tr. at 27-28). As stated above, ALJs are required to review objective medical evidence in making a credibility finding. *See Wilson*, 284 F.3d at 1225. Moreover, Plaintiff does not contest the ALJ's review of the objective medical evidence. (*See* Doc. 24 at 29-30). Instead, while conceding that her neck and back pain "*may be mild to moderate on paper*," Plaintiff argues that, "to a depressed, anxious, fearful woman," her pain "is amplified and severe." (Doc. 24 at 30 (emphasis added)).

The question is not whether the ALJ could have reasonably credited Plaintiff's testimony, but whether the ALJ was clearly wrong to discredit it. *See Werner*, 421 F. App'x at 939. Upon review, the Court finds that the ALJ articulated explicit and adequate reasons for discounting Plaintiff's credibility with substantial supporting evidence of record. *See Wilson*, 284 F.3d at 1225; *Foote*, 67 F.3d at 1562. Indeed, the ALJ cited to substantial objective medical evidence of record in discounting Plaintiff's credibility and reports of pain, both as to her musculoskeletal conditions as well as her mental impairments. (Tr. at 27-28). Based on the ALJ's extensive citations to the medical evidence of record, the Court cannot find that the ALJ was wrong to discredit Plaintiff's reports of pain. *See Werner*, 421 F. App'x at 939.

In sum, the Court finds that the ALJ's credibility determination is supported by substantial evidence of record and, therefore, the Court affirms the ALJ's decision in that regard.

### B. The ALJ's Review of the Medical Opinion Evidence

Next, the Court addresses Plaintiff's arguments that the ALJ erred in his evaluation of the opinion evidence.

The Social Security regulations define medical opinions as statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about the nature and

severity of impairments, including symptoms, diagnosis and prognosis, what a claimant can still do despite impairments, and physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). When evaluating a medical opinion, the ALJ considers various factor, including: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's opinion is with the record as a whole; and (5) the doctor's specialization. *Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

An ALJ is required to consider every medical opinion. *Bennett v. Astrue*, No. 308-cv-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing 20 C.F.R. §§ 404.1527(d), 416.927(d)). Additionally, the Eleventh Circuit has stated that an ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Otherwise, the Court has no way to determine whether substantial evidence supports the ALJ's decision, and the Court will not affirm simply because some rationale might have supported the ALJ's conclusion. *See id.* Nonetheless, an incorrect application of the regulations will result in harmless error if a correct application of the regulations would not contradict the ALJ's ultimate findings. *Denomme*, 518 F. App'x at 877-78 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

The Eleventh Circuit has further held that the opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or

inconsistent with the doctor's own medical records. *Id.* Moreover, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 526 (11th Cir. 2015) (quoting *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987)).

Upon careful review of Plaintiff's arguments, the Court cannot ascertain precisely how Plaintiff alleges the ALJ erred in reviewing the opinion evidence. Therefore, the Court examines below each of Plaintiff's contentions as they are recited in two sections of her brief.

First, Plaintiff entitles one section of her brief as "[t]he ALJ Erred in the Evaluation of the Treating Physicians' Opinions." (Doc. 24 at 24). Upon review of this section, however, Plaintiff provides no argument, analysis, or support as to what part(s) of the ALJ's consideration of the opinion evidence was in error. (*See* Doc. at 24-26). In fact, a review of the ALJ's decision shows that the ALJ gave "significant weight to the observations of [Plaintiff's] treating psychological examiners as their observations appeared true and consistent with the totality of the record." (Tr. at 29).

Moreover, a closer look at the briefing appears to show that Plaintiff is arguing that the *content* of the medical evidence of record is incorrect. (*See* Doc. 24 at 26). Specifically, Plaintiff points to a statement in the ALJ's summary of the medical evidence where the ALJ noted that the Plaintiff's "complaint of having not slept at all in three days was not considered credible as her physical presentation did not match this allegation." (Tr. at 24 (citing Tr. at 251)). From this, Plaintiff argues that "[l]ogically, a person who has been dealing with PTSD, repeatedly seeing psychiatrist, psychologists, and therapists for examinations which ask the same questions and ask the individual to relive the trauma each time, there should be no surprise that the person knows what are her issues without having to reflect." (Doc. 24 at 26). Additionally,

11

Plaintiff states that "[i]t is also not illogical to believe that such a person may become angry and frustrated with the circumstances." (*Id.*). At best, Plaintiff's arguments appear to contest the ALJ's *characterization* of the medical evidence of record. (*See* Tr. at 24). In any event, Plaintiff's arguments do not explain to this Court how, according to Plaintiff, the ALJ erred in evaluating her treating physicians' opinions.

On this point, for an ALJ's decision to be supported by substantial evidence regarding any medical opinion, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179. Here, the ALJ specifically stated the weight given to the opinions of the treating physicians and a reason for giving the opinion that weight. (*See* Tr. at 29). Plaintiff does not coherently argue any error as to the weight the ALJ assigned to the opinions or the ALJ's reasons for giving the opinions the assigned weight. (*See* Doc. 24 at 24-26). As a result, the Court cannot conclude that the ALJ erred in reviewing the opinions of Plaintiff's treating physicians.

Second, Plaintiff argues that "[t]he ALJ Erred in the Evaluation of the Non-Examining Agency Opinions." (*Id.* at 26). In this section, Plaintiff appears to argue that the ALJ erred by giving significant weight to the opinions of the consultative physicians over her treating physicians. (*See id.* at 26-27). As indicated above, however, the ALJ gave significant weight to the observations of the treating physicians. (Tr. at 29). Thus, Plaintiff has not even made a minimal showing that the ALJ gave more weight to the opinions of consultative examiners in the first instance. Moreover, an ALJ does not err by giving more weight to a non-examining physician's opinion when those opinions are better supported by the record. *See Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 833 (11th Cir. 2017). In this case, Plaintiff has not shown that the non-examining physician's opinion are not better supported by the record. Thus,

the Court cannot conclude that the ALJ erred in reviewing the opinions of the non-examining physicians.

In sum, Plaintiff again has failed to meet either her burden of persuasion or burden of proof in demonstrating that the ALJ erred in reviewing the opinion evidence of record. *See Yuckert*, 482 U.S. at 146 n.5; *Hines-Sharp*, 511 F. App'x at 915 n.2. The Court, therefore, affirms the decision of the Commissioner on this issue.

### C. The ALJ's RFC Assessment

The final issue raised by Plaintiff pertains to the ALJ's RFC assessment.

A plaintiff's RFC is used at step four to determine whether she can do past relevant work and at step five to determine if she can adjust to other work. *Lacina*, 606 F. App'x at 526. "RFC is defined as 'the most [a claimant] can still do despite [her] limitations.'" *Id.* (citing 20 C.F.R. § 416.945(a)(1)). To assess a plaintiff's RFC, the ALJ considers "all the relevant medical and other evidence in [the claimant's] case record." *Id.* (citing 20 C.F.R. § 416.920(e)).

In this case, Plaintiff appears to argue that the ALJ erred by not adopting an alternative RFC. (*See* Doc. 24 at 28). Specifically, in her briefing, Plaintiff first recites the RFC ultimately adopted by the ALJ in his decision. (*Id.* (citing Tr. at 22)). Plaintiff then recites an alternative hypothetical RFC posed to the VE by the ALJ at the hearing. (*Id.* at 27-28 (citing Tr. at 93)). Finally, Plaintiff notes the VE's testimony that, based on the restrictions in the alternative hypothetical RFC, "[t]here would be no work." (*Id.* at 28 (citing Tr. at 93)). After noting this testimony, Plaintiff's argument ends without further support or argument. (*Id.*).

It appears from Plaintiff's briefing that she argues, essentially, that the alternative RFC posed to the VE – which would have resulted in an award of benefits – should have been adopted by the ALJ. (*See id.*). While the Court certainly understands why Plaintiff prefers the alternative

RFC, Plaintiff does not explain what error, if any, the ALJ committed by adopting the RFC he did. (*See id.* at 27-28). As a result, the Court cannot conclude that the ALJ erred in reviewing Plaintiff's RFC or that the ALJ erred in his finding at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform. (*See* Tr. at 22, 29-30). As noted above, Plaintiff bears the burden of persuasion and burden of proof through step four. *See Yuckert*, 482 U.S. at 146 n.5; *Hines-Sharp*, 511 F. App'x at 915 n.2. Here, Plaintiff has failed to meet either. Furthermore, upon consideration of the ALJ's decision, it appears to the Court that the ALJ considered all the relevant medical and other evidence of record in making the RFC determination. *See Lacina*, 606 F. App'x at 526. Thus, the Court affirms on this issue.

**III.     Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 7, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties